UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AARON FULK,

                Plaintiff,

v.

ALAN NANCE, *et al.*,

                Defendants.

Case No. C24-2175-LK-SKV

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Aaron Fulk has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

On December 13, 2024, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 1. Plaintiff was at that time confined at the King County

REPORT AND RECOMMENDATION
PAGE - 1

Correctional Facility ("KCCF"), but he was subsequently transferred to Western State Hospital. *See* Dkts. 1, 2. Plaintiff identified two claims in his complaint, each alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment while housed at KCCF. *See* Dkt. 6. In the first count of his complaint, Plaintiff asserted that he was exposed to contaminated water at KCCF for a period of eight or nine months, and that this caused him to feel nauseous and to have diarrhea. *Id.* at 4-5. He claimed that he thereafter experienced significant anxiety when drinking water or showering at KCCF because of uncertainty about the cleanliness of the water. *Id.*

In the second count of his complaint, Plaintiff asserted that he suffered a painful infection in his groin while housed in "the hole" at KCCF because of a lack of sanitation in the unit. Dkt. 6 at 6-7. Plaintiff claimed that inmates in that area were frequently seen throwing feces at each other and minimal clean-up, if any, was ever done. *Id*. at 6, 10. Plaintiff also asserted in the second count of his complaint that a majority of the cell doors on the 10th and 11th floors of KCCF have stains from feces and urine running down from the slot where meals are served, and the doors never get cleaned. *Id*. Plaintiff claimed that inmates in those areas were very concerned for their health and safety and frequently experienced "cold-like" symptoms. *Id*. at 7.

Plaintiff identified KCCF and Alan Nance, Director of the King County Department of Adult and Juvenile Detention, as Defendants in his complaint. Dkt. 6 at 1, 3. He requested damages in the amount of $450,000. *Id*. at 9.

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not stated any viable claim for relief in his pleading. Thus, on January 14, 2025, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. *See* Dkt. 7. Among the deficiencies noted therein was that

Plaintiff made no reference to Director Nance in the statement of his claim suggesting Plaintiff was attempting to proceed against this Defendant based solely on his supervisory position, something that is not permitted under § 1983. *Id.* at 4-5. The Court further noted that KCCF, as an entity of King County, was not a proper defendant. *Id*. at 5. The Court explained that Plaintiff could pursue a claim against King County, but this would require he name King County as a defendant and identify a policy or custom of the County that caused him harm. *Id*. Finally, with respect to Plaintiff's conditions of confinement claims, the Court explained that those claims arose under the Fourteenth Amendment and not the Eighth Amendment as alleged in the complaint. *Id*. at 5-6. The Court further explained that the facts alleged in the complaint lacked sufficient detail to demonstrate that Plaintiff had suffered a violation of his Fourteenth Amendment rights. *See id.*

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to do so the Court would recommend this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. 7 at 7-8. To date, Plaintiff has not filed an amended complaint. Because Plaintiff failed to set forth in his original complaint any viable claim for relief, and because Plaintiff has not filed an amended complaint correcting the deficiencies previously identified by the Court, this action must be dismissed.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this

Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 28, 2025**.

DATED this 7th day of April, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge