UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON FULK,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ALAN NANCE et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-cv-02175-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge S. Kate Vaughan, recommending that pro se Plaintiff Aaron Fulk's civil rights complaint be dismissed without prejudice. Dkt. No. 8 at 1. No objections have been filed.

On December 13, 2024, Mr. Fulk filed a motion to proceed *in forma pauperis* ("IFP") accompanied by a proposed civil rights complaint under 42 U.S.C. § 1983. *See generally* Dkt. Nos. 1, 1-1. Mr. Fulk was at that time confined at the King County Correctional Facility ("KCCF"), but has since been transferred to Western State Hospital. *See* Dkt. Nos. 1, 2. On January 14, 2025, Judge Vaughan granted Mr. Fulk leave to proceed IFP. Dkt. No. 5. In his complaint, Mr. Fulk

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

identifies two claims based on alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment while housed at KCCF. *See generally* Dkt. No. 6. In both counts of his complaint, Mr. Fulk asserts that he was exposed to contaminated water and unsanitary housing conditions at KCCF, causing him to become physically and mentally unwell. *See id.* at 4–7, 10. He names KCCF and Alan Nance, Director of the King County Department of Adult and Juvenile Detention, as Defendants, *id.* at 1, 3, and requests monetary damages, *id.* at 9.

After reviewing Mr. Fulk's complaint, Judge Vaughan concluded that Mr. Fulk had not stated viable claims for relief in his pleading. Dkt. No. 7 at 7. Thus, on January 14, 2025, Judge Vaughan issued an Order declining to serve the complaint and identifying the following deficiencies in the complaint, Dkt. No. 6: (1) The complaint made no reference to Director Nance in the statement of his claims, suggesting that Mr. Fulk was attempting to proceed against Director Nance based solely on his supervisory position and not based on any personal involvement in the alleged constitutional deprivation, which is not permitted under § 1983, Dkt. No. 7 at 4–5; (2) KCCF, as an entity of King County, was an improper defendant, *id.*; and (3) as a pretrial detainee, Mr. Fulk's claims concerning his conditions of confinement arose under the Fourteenth Amendment, not the Eighth Amendment as alleged in the complaint, and the complaint lacked sufficient detail to demonstrate that Mr. Fulk had suffered a violation of his Fourteenth Amendment rights, *id.* at 5–7. Judge Vaughan granted Mr. Fulk 30 days in which to file an amended complaint correcting these deficiencies. *Id.* at 7. She cautioned Mr. Fulk that if he failed to amend his complaint in the time allotted, she would recommend that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at 7–8.

Mr. Fulk failed to file an amended complaint within the 30 days. *See* Dkt. No. 8 at 3. Because he failed to set forth any viable claim for relief in his original complaint and failed to file

an amended complaint correcting the deficiencies, Judge Vaughan issued an R&R on April 7, 2025 recommending that this action be dismissed. *See generally id.*

The Court generally reviews findings and recommendations "if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Mr. Fulk did not file any objections to the R&R. For the reasons provided by Judge Vaughan in her January 14, 2025 Order and April 7, 2025 R&R, Dkt. Nos. 7, 8, the Court agrees that Mr. Fulk's failure to set forth any viable claim for relief in his original complaint and failure to file an amended complaint correcting the identified deficiencies merit dismissal of this action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court ORDERS the following:

(1) The Court ADOPTS the R&R, Dkt. No. 8;

(2) This case is DISMISSED without prejudice;

(3) The Clerk is directed to send copies of this Order to Mr. Fulk and to Judge Vaughan; and

(4) The Clerk is further directed to CLOSE this case.

Dated this 29th day of April, 2025.

Lauren King
United States District Judge